# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re:<br>**The Leed Corporation,**<br><br>     **Debtor.** | **Bankruptcy Case**<br>**No. 10-40743-JDP** |

_____

## MEMORANDUM OF DECISION
_____

On November 9, 2012, attorney Nathan M. Olsen filed his First

Application for Interim Compensation per 11 U.S.C. § 331.  Dkt. No. 691.

In the application, Olsen requests approval by the Court for payment of

$100,441.25 in compensation, and $328.19 in expenses, in representing the

chapter 11 Debtor The Leed Corporation during the course of this

bankruptcy case.   The application is supported by Mr. Olsen's affidavit,

which includes a detailed itemization of the services provided, and the

time expended in doing so, and his explanation for the basis for his request

for fees and costs.  Dkt. No.  692.

Memorandum of Decision-1

On December 3, 2012, Mitchell R. Campbell filed the sole objection to Olsen's application.  Dkt. No. 701.  In the objection, Campbell, referring to himself as a "creditor", argues that Olsen should not be paid the fees requested computed on an hourly basis, because Olsen had agreed to be paid a contingent fee based solely on amounts recovered in the litigation in which he represented Debtor, and that because, in Campbell's opinion, "there was a net loss and no gain for the estate" as a result of Olsen's services.  *Id.* at 8.  In sum, Campbell believes Olsen's fee request is excessive.

On December 12, 2012, the Court conducted a hearing on Olsen's application, and Campbell's objection thereto, at which both Olsen and Campbell appeared and argued.   At the conclusion of the hearing, the Court took the issues under advisement, and directed Olsen to give notice of his application on additional parties in the case.  Notice was properly given, Dkt. No. 705; no other objections have been filed.[1]

---

[1]  Counsel for the U.S. Trustee also appeared at the hearing on Olsen's fee application.  Other than the notice concerns, the U.S. Trustee

Memorandum of Decision-2

This decision resolves the issues raised by Campbell's objection to Olsen's application.  Simply put, the Court finds and concludes that the application should be granted and the objection overruled.  *See* Fed. R. Bankr. P. 7052, 9014.   Here's why:

1. **Campbell lacks standing to object to Olsen's application because Campbell will suffer no adverse pecuniary impact as a result of the outcome of the dispute.**

As noted, Campbell asserts in his objection that he is a creditor in this case.   Earlier in the bankruptcy case, Campbell filed a proof of claim, but Debtor objected to its allowance, and sued Campbell to determine his status.   After much litigation, the parties resolved their differences via a compromise evidenced by a stipulation which, among other things, determined treatment of Campbell's claim.  Dkt. No. 639.  Other than the property to be distributed to Campbell via the stipulation, Campbell agreed to waive "any and all" further claims in the bankruptcy case.  *Id.* at 6.  The terms of the parties' stipulation was then incorporated in Debtor's

---

has expressed no opposition to Olsen's fee request.

 Memorandum of Decision-3

Fifth Amended Chapter 11 Plan.  Dkt. No. 654 at 18.  Campbell voted in

favor of confirmation of that plan, *see* Ballot No. 107, Amended Ballot

Summary, Dkt. No. 673, and after notice and a hearing, the Court

eventually confirmed the plan in an order which Campbell also expressly

approved.  *See* Order Confirming Chapter 11 Plan, Dkt. No. 681 at 3.

The point of this recitation is simple: Campbell is bound by the

terms of the confirmed plan, 11 U.S.C. § 1141(a), and therefore, Campbell

will receive no further distributions from Debtor under the plan.  As a

result, Campbell's rights will not be impacted, unfavorably or at all, by the

Court's decision concerning Olsen's fee application.

The standing doctrine limits those who may appear and be heard by

a court in a proceeding to those parties with a direct stake in a proceeding's

outcome.  *See Sierra Club v. Morton,* 405 U.S. 727, 731-32 (1972); *In re*

*JohnsManville Corp.,* 68 B.R. 618, 624 (Bankr.S.D.N.Y.1986).  Whether a party

has a sufficient "direct stake" in a bankruptcy proceeding is most often

based on whether the party has an actual pecuniary interest in the outcome

of the controversy. *See Duckor Spradling & Metzger v. Baum Trust (In re*

Memorandum of Decision-4

*P.R.T.C., Inc.)*, 177 F.3d 774, 777 (9th Cir.1999) (*citing Fondiller v. Robertson (In re Fondiller*), 707 F.2d 441, 442 (9th Cir.1983)); *Abbott v. Daff (In re Abbott)*, 183 B.R. 198, 200 (9th Cir.BAP1995); *In re Stone,* 03.2 I.B.C.R. 134,135 (Bankr.D.Idaho 2003).

In this case, Campbell has no standing to object to Olsen's fees because he has no actual pecuniary interest in the outcome of this contest.

### 2.    Olsen's requested compensation is proper.

The Court acknowledges that, even absent Campbell's objection, the Court has an independent duty to review the reasonableness of Olsen's fee request.   11 U.S.C. § 330(a)(1); *Lobel & Opera v. United States Trustee (In re Auto Parts Club, Inc.)*, 211 B.R. 29, 33 (9th Cir. BAP 1997) (citing *Busy Beaver Bldg. Ctrs)*, 19 F.3d at 841.  The Court has done so in this case.  Based upon this Court knowledge of and familiarity with these proceedings, it is apparent that Olsen performed extensive, competent, necessary, valuable services for Debtor in this case.  Moreover, his services are well-documented, and the fees he requests are amply justified in his affidavit and otherwise in this record.   In particular, there is nothing in the record

Memorandum of Decision-5

restricting Olsen's right to request an hourly fee, nor limiting him to some

sort of contingent fee in this case.  An hourly fee is a reasonable approach

to compensating Olsen in this case.  Any argument by Campbell to the

contrary lacks merit.

In the exercise of its discretion, the Court concludes that the amount

requested by Olsen for compensation, together with the amount requested

for reimbursement from expenses, is reasonable and will be approved.  A

separate order will be entered approving Olsen's application.

Dated:  January 9, 2013

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

Memorandum of Decision-6